Filed 12/5/23  P. v. Samos CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ANGEL SAMOS,<br><br>      Defendant and Appellant. | B329949<br><br>(Los Angeles County Super. Ct. No. NA082655) |

THE COURT:

In an amended information filed by the Los Angeles County District Attorney's Office in 2012, defendant and appellant Angel Samos was charged with the attempted murder of Sonia Tejada (Tejada) (Pen. Code, §§ 664, 187, subd. (a)),[1] the attempted murder of Los Angeles Police Department (LAPD) Officer Michael Montoya (§§ 664, 187, subd. (a)), the attempted murder of LAPD Officer James Toma (§§ 664, 187, subd. (a)), carjacking

_____

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

(§ 215, subd. (a)), kidnapping for carjacking (§ 209.5, subd. (a)), sexual penetration by a foreign object (§ 289, subd. (a)(1)), forcible oral copulation (§ 288a, subd. (c)(2)), possession of a firearm by a felon (§ 12021, subd. (a)(1)), shooting at an occupied motor vehicle (§ 246), and two counts of assault on a peace officer with a semiautomatic firearm (§ 245, subd. (d)(2)).  Various firearm enhancements were also alleged.

Defendant pled no contest to the charge of being a felon in possession of a firearm; a jury convicted him of the attempted murder of Tejada, kidnapping for carjacking, shooting at an occupied motor vehicle, and two counts of assault on a peace officer with a semiautomatic firearm.  The firearm allegations tied to those counts were found true.  (§ 12022.53, subds. (c) & (d).)  The jury found defendant not guilty of forcible oral copulation and the attempted murder of Officer Toma.  The jury was unable to reach a verdict on the charges of carjacking, sexual penetration by a foreign object, and the attempted murder of Officer Montoya; those counts were subsequently dismissed in the furtherance of justice.  The trial court sentenced defendant to an aggregate term of 66 years to life in state prison.

This court affirmed the judgment on direct appeal.  (*People v. Samos* (Aug. 6, 2013, B239703) [nonpub. opn.], p. 12.)

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) substantively amended sections 188 and 189 to "eliminate[] natural and probable consequences liability for murder as it applies to aiding and abetting[] and limit[] the scope of the felony-murder rule.  [Citations.]"  (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  Now, a murder conviction "requires proof that the defendant (1) was the actual killer (who acted with the requisite express or implied malice), (2) directly aided and

abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life.  [Citations.]"  (*People v. Duran* (2022) 84 Cal.App.5th 920, 927 (*Duran*).)  Senate Bill No. 1437 also added what is now section 1172.6 (former § 1170.95),[2] which provides "the statutory mechanism for determining whether to *retroactively* vacate a final murder, attempted murder, or manslaughter conviction that does not comply with the new, narrower definitions" of murder.  (*Duran, supra*, at p. 927.)

On April 29, 2022, defendant filed a petition for resentencing under section 1172.6 and was appointed counsel. The People filed an opposition to the petition.

On March 22, 2023, the trial court held a hearing on defendant's petition for resentencing and denied it.  According to the minute order, the court "reviewed the verdicts and jury instructions given" and found "as a matter of law that [defendant] ha[d] not stated a prima facie case for resentencing."

Defendant filed a timely notice of appeal.

Counsel was appointed to represent defendant in connection with this appeal.  After reviewing the record, appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellate counsel also encouraged us to use our discretion to independently review the record.

---

[2]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

3

On October 2, 2023, we notified defendant that he had 30 days within which to personally submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments for us to consider. We also informed defendant that his appeal could be dismissed if a supplemental brief or letter was not timely filed. Defendant filed a supplemental letter on October 19, 2023.

We are not required to conduct an independent review of the record for arguable issues and decline to exercise our discretion to do so. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) While we would typically evaluate the merits of arguments presented in a supplemental brief or letter (see *id.* at p. 232), here defendant has not set forth any arguments pertaining to the March 22, 2023, order denying his section 1172.6 petition. Instead, defendant's letter describes his conduct while incarcerated and how he has changed. He also contends that one of his victims was not allowed to testify at the trial, that one of the officers lied, and that the presiding judge was biased.

Defendant has not presented us with any basis to reverse the trial court's denial of his section 1172.6 petition, which is the only matter that we have jurisdiction to consider in this appeal. Moreover, in his letter defendant admits, "I . . . [shot] an innocent woman by name of Sonia Tejada." "As the sole and actual perpetrator of the attempted murder of [Tejada], defendant is ineligible for resentencing as a matter of law. [Citations.]" (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670; see also *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [petitioner "not entitled to any relief under section 1172.6" where "the record . . . makes clear that [he] was the actual killer

and the only participant in the killing"].)  The trial court thus properly denied defendant's petition.

## DISPOSITION

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____
LUI, P. J.   ASHMANN-GERST, J.   HOFFSTADT, J.